The People ex rel. John G. Parkhurst v. Benjamin
D. Pritchard, Commissioner of State Land Office.

*Public lands:  Power of Land Commissioner to withhold from sale:  Costs.*  Where
lands subject to entry are applied for, and payment tendered, the Commissioner
of the State Land Office has no discretionary power to retain them from mar-
ket for the accommodation of parties who had made application previously, but
who were not ready to pay the money.
  The Commissioner having acted in good faith, no costs were allowed.

*Heard and decided October 13th.*

Motion for a *mandamus.*

The petition . set forth the following facts:

Parkhurst, through one Shwimm as his agent, on the
first day of June, 1868, applied at the State Land Office to

the Deputy Commissioner to purchase certain State swamp lands which he particularly described, and which, under the law, were subject to private entry or sale to any person applying at $1.25 per acre. At the time of so applying, Shwimm had the money with him to make payment, and requested that certificates of purchase be issued to Parkhurst. The Deputy Commissioner replied that said land had been applied for by one Richard R. Thomas by telegram on the 29th day of May preceding, and that on the next day said Thomas came to the office, but did not have the money to pay for the land, and the Commissioner of the State Land Office then promised said Thomas not to sell the land to any other person until after Thursday, the fourth day of June, 1868, which time he would give him to obtain the money in, and if he obtained the money by that time, he, the Commissioner, would issue certificates of purchase to him for the land.

On the next day, June 2d, Shwimm again applied for certificates of purchase of the land and tendered payment therefor, but the application was again denied on the same ground.

The answer of respondent alleged that as said Thomas resided in Bay City, he agreed to reserve said land long enough to enable him to go home and send the amount required to pay for the same by mail; that the granting of time to parties so applying to remit money or an equivalent of swamp land scrip and credits to pay for them, by return mail, had been usual and customary in his department. It further showed that on the 4th day of June, at $2\frac{1}{2}$ o'clock P. M. the Deputy Commissioner in said office received a telegraph from one Robinson to charge the lands so held for said Thomas to his (Robinson's) account; that said Robinson then had a deposit of swamp land warrants and credits on the books of respondent for an amount exceeding that required to pay for said land; and that he was entitled to transfer the same for the payment thereof; that said

THE PEOPLE v. PRITCHARD.

Thomas came to Lansing on the evening of June 4, and made payment for the land.

Parkhurst thereupon applied to this court for a *mandamus* to compel the Commissioner to issue certificates of purchase to him as first entitled in pursuance of his application and tender.

*Gould & Lyon,* for relator.

*D. C. Holbrook,* for respondent.

COOLEY CH. J.

Where lands which are subject to entry are thus applied for and payment therefor tendered, the Commissioner has no discretionary power to retain them from market in order to accommodate other parties. In the present case the right of Parkhurst to the certificates is clear.

*Mandamus* granted, but without costs; the court being satisfied the Commissioner had acted in good faith.

CHRISTIANCY and GRAVES JJ. concurred.

CAMPBELL J.

I am not prepared to decide that a party can not rest upon the assurance of the head of a department acting in his official capacity, or that he is precluded from allowing some delay where parties in good faith have applied to purchase lands and desire to pay for them.

The experience which we have had of the manner in which interlopers have managed to slip in, and avail themselves of the information derived from applicants for land whom they have contrived to supplant, is not such as to commend any such rigid practice as would tend to favor speculators at the expense of honest applicants. The present case does not show any malpractice of that sort, but I feel very strongly impressed with the propriety of recognizing some degree of discretion in the head of the land office to prevent unnecessary hardships and surprises.